*E-Filed 12/30/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WAYNE WILLIE SMITH, | No. C 11-4418 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT H. TRIMBLE, | |
| Respondent. | |

### INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

### BACKGROUND

According to the petition, in 2008, a San Francisco County Superior Court jury convicted petitioner of the possession and sale of cocaine, and possession of heroin. In consequence, petitioner was sentenced to 13 years and 4 months in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated his right against self-incrimination by failing to exclude his statement to police; (2) the trial court violated his right to due process by admitting evidence of prior crimes; (3) the prosecutor failed to provide exculpatory evidence; and (4) he received ineffective assistance of appellate counsel. Liberally construed, these claims appear to be cognizable in a federal habeas action. **It is unclear, however, whether Claim 4 was exhausted. If it is not exhausted, respondent may wish to file a motion to dismiss on procedural grounds this or other claims.**

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been

1  transcribed and that are relevant to a determination of the issues presented by the petition.

2      3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
3  with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the
4  answer is filed.

5      4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
6  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
7  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files
8  such a motion, petitioner shall file with the Court and serve on respondent an opposition or
9  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
10 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
11 the date any opposition is filed.

12     5. Petitioner is reminded that all communications with the Court must be served on
13 respondent by mailing a true copy of the document to respondent's counsel.

14     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
15 Court and respondent informed of any change of address and must comply with the Court's
16 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
17 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18     7. Upon a showing of good cause, requests for a reasonable extension of time will be
19 granted provided they are filed on or before the deadline they seek to extend.

20 **IT IS SO ORDERED**.

21 DATED: December 30, 2011

                                      RICHARD SEEBORG
                                      United States District Judge